**UNITED STATES of America,**
**Appellee,**

v.

**Ian MOTIPERSAD, Defendant–**
**Appellant.**

No. 00–1207.

United States Court of Appeals,
Second Circuit.

March 16, 2001.

Ruth M. Lieberman, Law Offices of Ruth M. Lieberman, New York, NY, for appellant.

Pamela Chen, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, for appellee.

Present MESKILL, PARKER, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant-appellant, Ian Motipersad ("Motipersad") appeals from a March 3, 2000 judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*) following his guilty plea for conspiracy to obstruct commerce by robbery and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 1951 and 924(c), respectively. Motipersad was sentenced to a prison term of 204 months, which he is serving, three years of supervised release, and a $100 special assessment. On direct appeal, Motipersad challenges his sentence on the ground that his defense counsel provided ineffective assis-

tance by failing to seek a downward departure on his behalf pursuant to Sentencing Guidelines § 5K2.0. Motipersad claims that he was entitled to a 5K2.0 downward departure because he provided substantial assistance to the government and because of his extraordinary acceptance of responsibility. He requests that his sentence be vacated and the case be remanded for resentencing.

■ Therefore, the issue on appeal is whether appellant received ineffective assistance of counsel at sentencing when counsel failed to move for a downward departure pursuant to Section 5K2.0 of the Sentencing Guidelines on the grounds that (1) defendant provided substantial assistance to the government and (2) defendant exhibited an extraordinary acceptance of responsibility.

Success on a claim of ineffective assistance of counsel requires showing both that trial counsel's representation was so objectively deficient "that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and "that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Motipersad brings this ineffectiveness claim on direct appeal, without having raised it below. Although there is a "baseline aversion to resolving ineffectiveness claims on direct review, ... [t]his Court may, in its discretion, entertain an ineffective assistance of trial counsel claim on direct appeal in a narrow category of cases where: (1) ... the defendant has a new counsel on appeal; and (2) argues no ground of ineffectiveness that is not fully developed in the trial record." *United States v. Williams*, 205 F.3d 23, 35 (2d

**84**

Cir.2000) (*JMcL*, DJ, RDS) (internal quotation marks and citations omitted). This is such a case.

Because the record does not support a "reasonable probability" that the result of the sentencing hearing would have differed in Motipersad's favor, but for Motipersad's attorneys alleged errors, Motipersad's ineffective assistance of counsel argument is rejected and the sentence imposed by the district court is affirmed.

For the reasons set forth above, the judgment of the district court is AFFIRMED.